THOMAS J. ARNOLD, PLAINTIFF-RESPONDENT, v. HAMIL-
TON INVESTMENT CO., INC., AND ISIDORE MARGOLIS,
DEFENDANTS-APPELLANTS.

Argued May 2, 1944—Decided July 1, 1944.

Before Justices PARKER, HEHER and COLIE.

For the appellants, *Isidore Margolis, pro se;* for Hamilton
Investment Co., Inc., *Aaron Heller.*

For the respondent, *A. Leon Kohlreiter* (*Archibald Krei-
ger,* of counsel).

The opinion of the court was delivered by

COLIE, J.  Plaintiff, Thomas J. Arnold, brought suit, alleg-
ing the purchase of a judgment against one Smith and others
in the amount of $2,923.60 and costs; that the purchase was
made through his then lawyer; that he paid the consideration
of $500 but "the defendants jointly and severally and in
furtherance of a conspiracy entered between them to deprive
the plaintiff of title to said judgment, caused the same to be
put in the name of the defendant Hamilton Investment Co.,
Inc., and by virtue thereof deprived the plaintiff of his right
to control and collect the proceeds therefrom."  The state
of demand alleged a demand upon defendants for the return
of the instrument and a refusal, and sought damages in the

amount of $500, the plaintiff waiving the excess above that amount. The state of case certified by the judge of the District Court, who entered judgment in favor of the plaintiff for $429.80, discloses that the two defendants occupied a general office with one Rosenthal, who was the attorney for Hamilton Investment Co., Inc., and Margolis, and also the attorney for Arnold in connection with the purchase of the judgment; that one Cohn sold the judgment to Rosenthal and delivered to him an assignment in blank and that the name, Hamilton Investment Co., Inc., was subsequently inserted in the body of the assignment. The plaintiff, Arnold, testified that he gave Rosenthal $500 to purchase the judgment and that thereafter he saw the assignment in blank in the hands of Rosenthal, and that he never authorized Rosenthal to assign the judgment to Margolis or Hamilton Investment Co., Inc., and that his demand that the assignment be returned to him was refused by Margolis. One Mainardi, a lawyer, testified that he talked with Rosenthal and Margolis about returning the judgment to Arnold and that Margolis told him that the judgment was the property of Arnold but that he, Margolis, would not release it except upon payment of $25, later raised to $100. Mainardi, acting for Arnold, agreed to this proposition but Margolis later refused to carry out the agreement. Neither the defendant Margolis nor any of the officers of Hamilton Investment Co., Inc., took the stand. The court below found as a fact that through the maneuvers and manipulations of the defendant with Rosenthal, the assignment was put in the name of Hamilton Investment Co., Inc., without payment by either of the defendants of any consideration, and he therefore entered judgment for the plaintiff.

It is argued that the state of demand did not set forth a cause of action. While it is inartistically drawn, yet, under the liberal rules of pleading in the District Court, it stated a cause of action in conversion. *De Jianne* v. *Citizens Protective Association,* 79 *N. J. L.* 107. Next it is urged that the subject-matter of the suit was controlled by a pending action in the Court of Chancery. Assuming, for the sake of argument, that to be a valid reason for reversal, it does not

help appellant because there was no evidence introduced as to the issues involved in the Chancery suit. Appellant offered in evidence a photostatic copy of a bill of complaint in the Court of Chancery, which offer the court properly refused since it was not the proper method of proof. The files in the Chancery suit could have been had by proper service of a *subpœna duces tecum*. The last point urged is that the plaintiff failed to prove any damages. In *Ward* v. *Huff*, 94 *Id.* 81, it was settled that the measure of damages in an action for conversion is the market value of the goods at the time of conversion, with interest from the date of conversion. There was no attempt to show the market value of the judgment on the date when it was converted. However, the judgment was for $2,923.60 and the rule is that in an action for conversion of a written evidence of debt or legal document, the measure of damages is the value of the property converted. Where the instrument is one for the payment of money, its face value is *prima facie* its actual value. However, the defendant in such an action is liable only for its actual value, if, in fact, that be less than the face value. 26 *R. C. L., tit. "Trover,"* § 65. In the instant case, there was no proof of value, other than the presumption that it was *prima facie* worth its face value.

The judgment under appeal is affirmed, with costs.